FILED
APR 0 4 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Thomas Sieczka, ) | |
| ) | 07CV1849 |
| Plaintiff, ) | JUDGE CONLON |
| v. ) | MAGISTRATE JUDGE BROWN |
| ) | |
| Canadian Pacific Railway System, ) | |
| Canadian Pacific Railroad, ) | |
| Canadian Pacific Railroad d/b/a Soo Line ) | |
| Railroad Company and CP Rail ) | Trial by Jury Demanded |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, Thomas Sieczka by and through his attorneys, James T. Foley and Hoey & Farina, and for his Complaint against Defendant Canadian Pacific Railway System, Canadian Pacific Railroad, Canadian Pacific Railroad d/b/a Soo Line Railroad Company and CP Rail (hereinafter CP Rail), states as follows:

1. Jurisdiction of this Court is invoked under the provision of Title 45 U.S.C. § 56 and Title 28 U.S.C. § 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

3. At all times herein, the Defendant CP Rail was and is a railroad corporation doing business in the State of Illinois.

4. At all times herein, the Defendant CP Rail, was a common carrier by railroad engaged in interstate commerce.

5. On April 15, 2004, and at all pertinent times, the Defendant CP Rail, owned, maintained, and operated a railroad yard known as the Bensenville Yard, in Bensenville, Illinois,

and more specifically a portion of the Bensenville Yard known as "F" Yard, located within Defendant CP Rail's Bensenville Yard.

6. On April 15, 2004 at or about 2:00 a.m., Plaintiff Thomas Sieczka was employed by the Defendant CP Rail as a Carman.

7. On April 15, 2004, at or about 2:00 a.m., Plaintiff was performing work for Defendant CP Rail in connection with or in furtherance of Defendant's business of Interstate Commerce of Transportation.

8. In the course of his duties as a Carman on April 15, 2004, Plaintiff was assigned certain trains, and he was further required to couple air hoses on the cars that made up the trains he was assigned to work, which were located in Defendant CP Rail's "F" Yard.

9. On April 15, 2004, at or about 2:00 a.m. while Plaintiff was in the process of coupling cars in Defendant's "F" Yard, he was required to move between cars, walk on large ballast and around exposed ties on debris strewn ground. While attempting to couple the cars assigned to him, the large, uneven debris strewn ballast shifted, gave way, causing Plaintiff's left knee, leg and body to violently and unexpectedly twist, resulting in serious permanent injury.

10. It was the continuing duty of Defendant CP Rail, as employer at the time and place in question to use ordinary care under the circumstances to furnish Plaintiff with a reasonable safe place to work, and to keep such place of work in a reasonably safe condition.

11. In violation of its duty, Defendant CP Rail negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

    a. Failed to adopt, install, implement and enforce a safe method and procedure for the described operation;

b. Failed to properly inspect, maintain, and process its ballast, walkways, roadbeds, and properties so that the same became hazardous to the safe operation and footing of its employees;

c. Failed to properly warn Plaintiff that there was a tripping/slipping hazard, and hazardous footing in his work area when it had both constructive and actual notices of the hazard;

d. Failed to properly illuminate the Plaintiff's work area;

e. Negligently and carelessly caused unsecured ballast, large ballast, debris strewn ballast, debris, exposed ties to surround an area of the cars he was required to work around, and that Defendant knew the Plaintiff was required to work in;

f. Negligently and carelessly failed to replace large ballast, remove debris, improve lighting conditions in the area that Plaintiff was required to work when it had actual and constructive knowledge of the hazardous condition to its employees;

g. Violated certain regulations, standards and requirements in force or prescribed by the Secretary of Transportation through the F.R.A. and,

h. Was otherwise careless and negligent in failing to provide Plaintiff with a safe place to work.

12. Defendant's failure to provide Plaintiff Thomas Sieczka with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

13. As a consequence, Plaintiff has incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability, as a further result, Plaintiff has and will in the future be kept from attending to his ordinary affairs and duties and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, he will incur further medical, hospital and related expenses in the future.

14. Plaintiff demands a Trial by Jury.

3

WHEREFORE, Plaintiff, Thomas Sieczka demands judgment in his favor and against the Defendant Canadian Pacific Railway System, Canadian Pacific Railroad, Canadian Pacific Railroad d/b/a Soo Line Railroad Company and CP Rail in a sum in excess of $100,000.00 plus the costs of this suit.

Respectfully submitted,

THOMAS SIECZKA

By: _____
Attorney for Plaintiff

James T. Foley
Hoey & Farina
542 South Dearborn Street, Suite 200
Chicago, Il 60605
(312) 939-1212
(312) 939-7842
JFoley@hoeyfarina.com

4